*1123 OPINION.
Murdock :
The deficiency notice which forms the basis of this proceeding had to do with the years 1922 to 1924, inclusive. It notified the petitioner that there was no deficiency in tax for the year 1922 and that there were deficiencies for the years 1928 and 1924. It contained the following statement:
1922.
The loss of $429,184.95 in liquidation, Middle Tennessee Railroad Company claimed on your return, has been allowed by this office and your return accepted as filed. However, the net loss of $305,392.72 as shown by your return for 1922 and carried forward as a credit on your returns for 1923 and 1924 has been disallowed as a credit for those years.
It is held by this office that the loss sustained in 1922 was not the result of the operation of your trade or business and is, therefore, not such a loss as to constitute a net loss under the provisions of section 204 of the Revenue Act of 1921.
The petitioner’s assignment of error is as follows:
The respondent erroneously determined that the loss resulting to the petitioner in 1922 from the liquidation of an enterprise carried out through a corporation known as Middle Tennessee Railroad Company, was not a net loss under the provisions of section 204 of the Revenue Act of 1921.
The issue raised by the pleadings is, Did the Commissioner, having determined that the petitioner sustained a loss in 1922 of $429,184.95 in the liquidation of the Middle Tennessee Railroad Company, and having accepted the petitioner’s return as filed for 1922, err in not carrying forward some certain amount for the years 1923 and 1924 *1124 as a statutory net loss under the provisions of section 204 of the Revenue Act of 1921 and section 206 of the Revenue Act of 1924? The petitioner relied upon the statement in the deficiency notice that the Commissioner had allowed the loss of $429,184.95 for 1922 in connection with the liquidation of the Middle Tennessee Railroad Company. We think he was justified in so doing. He did not come to trial prepared to prove that he had sustained a loss in this amount from this cause in 1922. The deficiency notice was dated November 3, 1927, the petition was filed December 30, 1927, the answer was filed February 29, 1928, and there were no further pleadings or requests to plead further until the date of the hearing on September 3, 1930. At that late date counsel for the respondent moved to amend his answer by adding a paragraph as follows:
Respondent admits tliat in the year 1922 the petitioner sustained • a loss upon the liquidation of the Middle Tennessee Railroad Company in the sum of $210,600 and denies that he sustained any loss in excess of that amount.
This motion was objected to and the objection was sustained. This was not a claim for any increased deficiency. It was an untimely attempt to reverse the position theretofore taken by. the Commissioner and relied upon by the petitioner. Therefore, it will be assumed in the decision of this case that the petitioner sustained a loss in 1922 of $429,184.95 in the liquidation of the Middle Tennessee Railroad Company, and it will be further assumed that his return for 1922, as filed, was correct. However, it was incumbent upon the petitioner to prove that he sustained in 1922 a statutory net loss under the provisions of sections 204 of the Revenue Act of 1921 and 206 of the Revenue Act of 1924 and the amount of such net loss. The deficiency notice contains no determination or admission on the part of the respondent that the loss of $305,392.72, as shown on the petitioner’s return for 1922, was a net loss within the meaning of section 204. It merely states that the loss, as shown by the return, has been disallowed as a credit for 1923 and 1924. It further states that the loss sustained in 1922 was not a statutory net loss because it did not result from the operation of the petitioner’s trade or business. If the Commissioner’s stated reason for the disallowance was in fact no reason for the disallowance, there would still be the question of the computation of the amount of the statutory net loss. Cf. Edgar M. Carnrick, 21 B. T. A. 12. Section 204 specifies the manner in which this amount must be computed, and it is obvious that the amount may not be the same as the amount of loss shown on a correct return. Julius Mendelson, 21 B. T. A. 958. The figures necessary to compute any possible statutory net loss are not in evidence. The petitioner’s return for 1922 has not been offered in evidence. Thus we are unable to compute or direct a correct computation of *1125 any statutory net loss under Rule 50. Cf. H. J. Schlesinger, 5 B. T. A. 943; B. Estes Vaughan, 15 B. T. A. 596; Lawrence J. Montgomery, 17 B. T. A. 1308; Orr & Sembower, Inc., 20 B. T. A. 605.
But, aside from this difficulty, the evidence does not show that the alleged loss resulted from the operation of any trade or business regularly carried on by the taxpayer. It is not contended that the petitioner was regularly engaged in the operation or construction of railroads. A loss sustained in an isolated business transaction is not to be carried forward by an individual under section 204, nor, except under circumstances not shown in this case, is a loss from the liquidation of a corporation to be carried forward by an individual. Anderson v. United States, 48 Fed. (2d) 201. Cf. Fridolin Pabst, 6 B. T. A. 843; affd., 36 Fed. (2d) 614; certiorari denied, 281 U. S. 741; Louis M. Goldberg, 9 B. T. A. 1355; affd., 36 Fed. (2d) 551; J. L. Washburn, 16 B. T. A. 1091; A. Lynton Jones, 19 B. T. A. 447, and cases there cited; Albert T. Scharps, 20 B. T. A. 246; Wyatt C. Hedrick, 20 B. T. A. 258.

Judgment will be entered for the respondent.